IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. ETHERNET INNOVATIONS, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AT&T MOBILITY LLC; AT&T SERVICES, INC.; BARNES & NOBLE, INC.; CLAIRE'S BOUTIQUES, INC.; J. C. PENNEY COMPANY, INC.; SALLY BEAUTY HOLDINGS, INC.; ANN TAYLOR STORES CORPORATION; ANN TAYLOR RETAIL, INC.; HARLEY-DAVIDSON, INC.; HARLEY-DAVIDSON MOTOR COMPANY, INC.; KIRKLAND'S INC.; KIRKLAND'S STORES, INC.; MACY'S, INC.; MACY'S RETAIL HOLDINGS, INC.; MACY'S WEST STORES, INC.; NEW YORK & COMPANY, INC.; LERNER NEW YORK, INC.; RADIOSHACK CORPORATION; RENT-A-CENTER, INC.; and THE DRESS BARN, INC.,<br><br>　　　　Defendants.<br>_____/<br>AND ALL RELATED CLAIMS AND COUNTERCLAIMS<br>_____/ | No. C 10-5254 CW<br><br>ORDER DENYING MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION (Docket No. 456) |

　　Defendant AT&T Services, Inc. moves for leave to file a motion for reconsideration of the Court's January 17, 2013 Order, in which the Court stayed the claims against the Defendants in

this case, except for those that involve the AT&T U-verse set-top box.[1]

AT&T Mobility, along with the other Defendants in this action, previously sought to continue to stay the claims against them in the 10-5254 case pending resolution of the claims at issue in the related 10-3724 case. In their papers, Defendants described themselves as "Retailers" and argued that they were end-users who bought, or license and use, Ethernet-enabled computers and printers in their offices and stores. They argued that resolution of the claims involving the Acer Defendants and Intervenors--chip suppliers and computer manufacturers who incorporate Ethernet chips into their products--in the related case would resolve the claims against them and that therefore the claims against them should remain stayed. USEI opposed staying the claims against AT&T Mobility, asserting that "USEI's infringement contentions include an AT&T U-Verse settop box as an accused product." Thus, it claimed that "AT&T Mobility LLC is similarly situated to the Acer Defendants" and that "resolution of the claims against the Acer Defendants and Intervenors will not dispose of USEI's claims against AT&T Mobility LLC with regard to at least its U-Verse settop box." Docket No. 406 in 10-5254, 2-3. Thereafter, the Court extended the stay as to claims involving

---

[1] At the time that the January 17, 2013 Order was issued, AT&T Mobility, LLC was named as a Defendant in this case and AT&T Services, Inc. was not a party. According to AT&T Services, it was added as a Defendant in this action after it informed Plaintiff U.S. Ethernet Innovations that, with regard to the AT&T U-verse set-top box, it was an additional necessary party. Docket No. 433, 1.

2

Defendants, except as to AT&T Mobility to the extent that such claims involved the AT&T U-verse set-top box. As to that product, AT&T Mobility was similarly situated to the Acer Defendants who were computer manufacturers.

Subsequently, the Court granted a motion to intervene filed by Sigma Designs Inc., which represented that it designs and sells a chip that includes an Ethernet adapter function used in the manufacture of the AT&T U-Verse set-top boxes.

AT&T Services now seeks leave to file a motion for reconsideration of the Court's Order denying a stay of the claims to the extent they are based on the AT&T U-verse set-top boxes. It argues that Sigma, as the chip supplier, is the real party in interest and AT&T Services' presence is now not necessary to resolve USEI's claims. However, as explained in the Court's January 17, 2013 Order, it is not clear that only the technology of the chip suppliers is at issue in these related cases. Docket No. 407, 4-5. For that reason, the Court declined to stay the claims against the computer manufacturers in the related case, even if their chip suppliers were already parties to the litigation. Thus, AT&T Services, which is similarly situated to the computer manufacturers, has not shown that the addition of Sigma, its chip supplier, constitutes a change in facts that would have been material to the Courts' resolution of the motion to stay.

3

1  Accordingly, the motion for leave to file a motion for
2  reconsideration is DENIED (Docket No. 456).
3  IT IS SO ORDERED.

5  Dated: 8/9/2013                CLAUDIA WILKEN
                                  United States District Judge