1    IN THE UNITED STATES DISTRICT COURT

2    FOR THE NORTHERN DISTRICT OF CALIFORNIA

3

4    U.S. ETHERNET INNOVATIONS, LLC,                    No. C 10-5254 CW

5         Plaintiff,                                    ORDER GRANTING
                                                        MOTION FOR
6         v.                                            RECONSIDERATION OF
                                                        STAY AND DENYING
7                                                       MOTION TO SEAL
     AT&T MOBILITY, LLC, et al.,                        (Docket No. 514,
8                                                       515)
          Defendants,
9    _____/

10

11       On June 16, 2014, the Court granted Defendant AT&T Services,

12   Inc.'s (ATTS) motion for reconsideration of this Court's stay

13   order due to the emergence of new material facts.  Docket No. 516.

14   Plaintiff U.S. Ethernet Innovations, LLC (USEI) opposes the motion

15   to reconsider the stay or, if a stay regarding claims against ATTS

16   is granted, requests that ATTS be bound by the infringement and

17   invalidity determinations that will be established with regards to

18   Intervenor Sigma Designs.  The Court took this matter under

19   submission pursuant to Civil Local Rule 7-11(b).  Having

20   considered the papers, the Court GRANTS the motion.

21       In its January 17, 2013 Order, the Court stayed almost all of

22   USEI's claims against the AT&T Defendants and Zions

23   Bancorporation.  Docket No. 408.  The Court noted that the "stayed

24   Defendants will continue to be bound by decisions of the Court

25   during the pendency of the stay.  If the stayed Defendants wish to

26   be heard on any issue, they may apply to the Court to lift the

27   stay for that purpose."  Id. at 7.  The only claims that were not

28   stayed were those asserted against the AT&T U-Verse Set-Top Box,

which is manufactured and distributed by ATTS.  Id.  ATTS
previously moved for reconsideration of this motion, after Sigma
successfully intervened in this case.  The Court denied the motion
for reconsideration, placing great weight on USEI's contention at
the time that "resolution of the claims against the Acer
Defendants and Intervenors will not dispose of USEI's claims
against [ATTS] with regard to at least its U-Verse settop box."
Docket No. 465 at 2.  The Court noted that even after Sigma
intervened, it was "not clear that only the technology of the chip
suppliers [such as Sigma] is at issue."  Id. at 3.

Since then, USEI has solidified its substantive infringement
arguments against Defendants.  It is clear from the papers, expert
reports, and infringement charts that both sides consider USEI's
claims against ATTS to be derivative of the ones against Sigma.
Dr. Mitzenmacher, USEI's technical expert, opined that ATTS
infringes the claims of the only patent asserted against ATTS
because "the Accused AT&T Products integrate Accused Sigma
Products that infringe these Claims."  Schuster Decl., Ex. A at 3.
A review of Dr. Mitzenmacher's expert report reveals that he never
describes the ATTS accused products as infringing independently
from their integration of the accused Sigma chips.  See id. at 27
¶ 86 ("As I have shown, all of the Sigma Accused Products (and the
AT&T Accused Products by integration) meet the required elements
of the claims").  Other USEI documents demonstrate that it
considers the claims against Sigma and the claims against ATTS to

be identical.[1]  Because the infringement issues are identical,
ATTS contends that the principles of efficiency and judicial
economy would be well served if the claims against ATTS were
stayed, pending resolution of USEI's claims against Sigma.  ATTS'
Motion at 4 (citing <u>Tegic Commc'ns Corp. v. Bd. of Regents of
Univ. of Tex. Sys.</u>, 458 F.3d 1335, 1343 (Fed. Cir. 2006).  ATTS
further argues that it makes sense for Sigma, the manufacturer, to
litigate the issues of infringement because it has greater
interest and knowledge than the customers.  <u>Id.</u> (citing <u>Katz v.
Lear Siegler, Inc.</u>, 909 F.2d 1459, 1464 (Fed. Cir. 1990)).

The Court agrees that the claims against ATTS should be
stayed while the ones against Sigma proceed.  ATTS cannot,
however, argue now that the infringement theories are identical in
order to obtain a stay, and then later challenge that premise if
judgment is imposed against Sigma.[2]  Accordingly, as with the
stays previously imposed by the Court, ATTS will be bound by any
decisions affecting Sigma while claims against ATTS remain stayed.
If ATTS wishes to be heard on any issue, it may apply to the Court
to lift the stay for that purpose.

---

[1] USEI did not serve its infringement report on ATTS until
four days after the report was due, when ATTS inquired about the
status.  USEI responded with a copy of the report, noting that
"the report has been amended to correct the title (which should
have included Defendant AT&T) and Exhibit C (the AT&T Accused
Products were inadvertently omitted from the exhibit)."  Schuster
Decl., Ex. D.  USEI noted that the "body of the report remains
unchanged."  <u>Id.</u>

[2] Because ATTS argues extensively here that, "[r]ecent events
in this case . . . have now made it clear that indeed only the
technology of ATTS's chip supplier (Sigma) is at issue," it would
appear that ATTS is estopped from arguing otherwise.  ATTS' Motion
at 4.

United States District Court
For the Northern District of California

1    In conjunction with ATTS' motion for reconsideration, it

2    filed an administrative motion to seal Exhibits B and C to the

3    Schuster Declaration because they contain materials designated by

4    USEI as "Highly Confidential -- Outside Counsel Eyes Only" under

5    the parties' protective order.  USEI did not file a supporting

6    declaration, within four days as required by Civil Local Rule

7    79-5(e), or at any time.  Accordingly, the motion is denied.  ATTS

8    shall file unredacted versions of these documents in the public

9    record no later than seven days from the issuance of this order.

10       IT IS SO ORDERED.

11

12   Dated: 8/6/2014                    _____
                                        CLAUDIA WILKEN
13                                      United States District Judge