Garland T. Stephens, garland.stephens@weil.com
Douglas Wayne McClellan, *pro hac vice*,
doug.mcclellan@weil.com
Weil, Gotshal & Manges LLP
700 Louisiana, Suite 1700
Houston, TX 77002
Phone: 713-546-5000 / Fax: 713-224-9511

Jared Bobrow, SBN 133712, jared.bobrow@weil.com
Sonal N. Mehta, SBN 222086, sonal.mehta@weil.com
Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Phone: 650-802-3000 / Fax: 650-802-3100

Brian E. Ferguson, *pro hac vice*, brian.ferguson@weil.com
Weil, Gotshal & Manges, LLP
1300 Eye Street NW, Suite 900
Washington, DC 20005-3314
Phone:  202-682-7077

Seth M. Sproul, SBN 217711, sproul@fr.com
Fish & Richardson P.C.
12390 El Camino Real
San Diego, CA 92130
Phone: 858-678-5070 / Fax: 858-678-5099

Thad C. Kodish, *pro hac vice,* tkodish@fr.com
Fish & Richardson P.C.
1180 Peachtree Street, N.E., Suite 2100
Atlanta, GA 30309
Phone: 404-892-5005 / Fax: 404-892-5002

Attorneys for Intervenor Intel Corporation

*REMAINING COUNSEL FOR DEFENDANTS AND
INTERVENORS LISTED ON SIGNATURE PAGES*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| U.S. Ethernet Innovations, LLC,<br>　　　　　　　Plaintiff,<br>　　vs.<br>Acer, Inc., *et al.*,<br>　　　　　　　Defendants,<br>Atheros Communications, Inc., *et al.*,<br>　　　　　　　Intervenors.<br>_____<br>AT&T Mobility, LLC, *et al.*,<br>　　　　　　　Defendants. | Case No. 4:10-cv-03724-CW (LB)<br>Case No. 4:10-cv-05254-CW (LB)<br><br>**DEFENDANTS' AND INTERVENORS'<br>CASE MANAGEMENT STATEMENT**<br><br>Judge:　Honorable Claudia Wilken<br>Place:　Courtroom 2, 4th Floor<br>Date:　August 14, 2014<br>Time:　2:00 p.m. |

Pursuant to this Court's Order dated February 19, 2013 (Dkt. No. 691) and Local Rule 16-10(d), the Defendants and Intervenors in the above-referenced actions hereby submit this Case Management Statement.

## I. Defendants' and Intervenors' proposals for the remainder of the case development process

In order to minimize the burden on the Court, the Defendants and Intervenors suggest that the Court schedule a case management conference shortly after the Court rules on dispositive motions and USEI reduces the number of its asserted claims as scheduled. The dispositive motions may significantly simplify the case, for example by reducing the number of patents and/or parties for trial. Further, pursuant to this Court's Order, USEI must elect no more than twenty (20) total claims with no more than twelve (12) claims per chipmaker within two weeks of this Court's rulings on the dispositive motions. Dkt. 1117-3 at 30:24-31:1 (Transcript of February 27, 2014 Case Management Conference). USEI's elections may further reduce the number of patents and/or parties for trial. A case management conference shortly after these events will allow the remaining parties to propose a structure for trial to the Court and reduce or streamline the subsequent pretrial filings with the Court.

If the Court is inclined to decide the trial structure at this case management conference, Defendants and Intervenors propose that the trials be structured such that Intel's trial is first and on all issues. Trying Intel first would efficiently resolve the largest number of issues and potential monetary damages.

## II. Changes Since The Last Case Management Statement

Pursuant to Local Rule 16-10(d), Defendants and Intervenors provide the following summary of changes since the last case management statement, filed on February 25, 2014.

### A. Decided Motions

This Court decided on August 6, 2014 the AT&T Services, Inc. ("AT&T") motion requesting reconsideration of its previous stay request (Case 4:10-cv-05254, Dkt. 542) and ordered the stay of AT&T. As such, AT&T is not participating in this Case Management Conference Statement.

B.     Pending Motions

1.     Motions Before Judge Wilken[1]

1. Intervenors' and Defendants' Motion for Partial Summary Judgment that USEI Cannot Meet its Burden of Proof on Damages (Dkt. 1167-3).

2. Intervenors' and Defendants' Motion for Partial Summary Judgment of Non-Infringement of the '313 Patent For All Accused Products (Dkt. 1167-3).

3. Intervenors' and Defendants' Motion for Partial Summary Judgment that the Intel 82593 Anticipates Claim 21 of the '872 Patent and Claims 9, 28, and 39 of the '094 Patent (Dkt. 1167-3).

4. Intervenors' and Defendants' Motion for Partial Summary Judgment that the SONIC Prior Art Anticipates the Asserted Claims of the '872 and '094 Patents (Dkt. 1167-3).

5. Intervenors' and Defendants' Motion for Partial Summary Judgment that No Party Infringes the '459 Patent (Dkt. 1167-3).

6. Intervenors' and Defendants' Motion for Partial Summary Judgment that Claim 1 of the '459 Patent and Claim 13 of the '313 Patent are Indefinite (Dkt. 1167-3).

7. (Stayed) AT&T's Motion for Partial Summary Judgment that USEI Cannot Collect Damages from AT&T (Dkt. 1167-3).

8. MSI's Motion for Partial Summary Judgment that Marvel is Not Liable for Extraterritorial Sales Transacted by Non-Party MAPL (Dkt. 1167-3).

9. Apple's Motion for Partial Summary Judgment that Apple Does Not Infringe Claims 1, 9, 12, and 28 of the '094 Patent (Dkt. 1167-3).

10. Atheros' and Sigma's Motion for Partial Summary Judgment that Atheros Does Not Infringe Claim 1 of the '313 Patent and that Sigma and AT&T do Not Infringe Claims 1, 3, 5, 7, 9, 10, 13, 17, and 19 of the '313 Patent (Dkt. 1167-3).

---

[1] A summary of the consequences of the Defendants' motions for summary judgment is attached as Defendants' Exhibit A.

11. Intervenors' and Defendants' Motion For Relief From Non-Dispositive Pretrial Order Of Magistrate Judge Regarding Waiver of Privilege by USEI (Dkt. 1193).

12. USEI's Motion for Summary Judgment of Infringement of Claim 21 of the '872 Patent Against Intervenor Intel Corporation's Accused Products and OEM Accused Products Incorporating Intel Chips (Dkt. 1133-3).

13. USEI's Motion for Summary Judgment to Preclude Intel From Asserting Any Equitable Defenses in this Action, Including Laches (Dkt. 1133-3).

14. USEI's Motion for Summary Judgment That the SONIC Reference Does Not Anticipate the Asserted Claims (Dkt. 1133-3).

15. USEI's Motion for Summary Judgment of No Inequitable Conduct (Dkt. 1133-3). Defendants and Intervenors have withdrawn their claim of inequitable conduct, so USEI's motion for summary judgment of no inequitable conduct is moot.

### 2. Motions Before Magistrate Judge Beeler

1. Joint Discovery Dispute Letter Regarding USEI's Untimely Expert Report Supplementation (Dkt. 1191).

### C. Discovery

Fact discovery closed on March 7, 2014, and expert discovery closed June 4, 2014.

Pursuant to the Court's Scheduling Order, the parties exchanged initial expert reports on April 25, 2014.  Dkt. 691.  USEI's infringement and damages experts were deposed on May 29-31, 2014 and June 10-11, 2014, respectively.

Nonetheless, in the middle of dispositive briefing, USEI attempted to serve at least 23 new "supplemental" and "corrected" expert reports, against 12 parties, comprising at least 300 pages containing new damages and infringement opinions with no reasonable justification.  At least 100 pages of new infringement reports were written in response to Defendants' and Intervenors' July 15th dispositive motion filings.  A Joint Discovery Dispute Letter is currently pending before Judge Beeler regarding these untimely reports,  and a hearing was held on August 7, 2014. Dkt.

1191. Attached for the Court's convenience as Defendants' Exhibit B is the Joint Letter Briefing submitted to Judge Beeler on this issue. Dkt. 1191.

USEI's seeks to address multiple deficiencies through its proposed "supplemental" reports, including new positions on the doctrine of equivalents, section 112 equivalents, use, and infringement under new claim constructions raised for the first time by USEI's invalidity expert Dr. Conte. Defendants' relied on USEI's originally-served reports to file their summary judgment motions, and allowing new reports now will jeopardize the summary judgment proceeding. USEI's supplemental reports are untimely, not supported by good cause, lack a showing of diligence, and are highly prejudicial to Defendants. A Joint Discovery Dispute Letter is currently pending before Judge Beeler regarding these untimely reports,[2] and a hearing was held on August 7, 2013. Dkt. 1191.

USEI offers no reasonable justification for the many new opinions in them. For example, USEI attempts to justify one of its belated supplements by arguing it was unaware of the Defendants' and Intervenors' argument that the Accused Features are unused. However, (1) this issue was briefed to the Court more than one year ago in summary judgment proceedings (Dkt. 863), and (2) Intel responded to USEI's interrogatory request, stating that the feature accused of infringing the '459 patent "remained disabled and unused in all later versions of Intel's 100 Mbps drivers" (Intervenor Intel Corporation's Supplemental Objections and Responses to Plaintiff U.S. Ethernet Innovations, LLC's Interrogatory No. 1) and that "Intel does not infringe either the '872 or '094 Patents at least because in 2002, Intel disabled the Transmit Threshold that USEI identifies in its infringement contentions." (Intervenor Intel Corporation's Supplemental Objections and Responses to Plaintiff U.S. Ethernet Innovations, LLC's Interrogatory No. 1). USEI cannot credibly argue that it was unaware of Defendants' and Intervenors' argument.

---

[2] Attached for the Court's convenience as Defendants' Exhibit B is the Joint Letter Briefing submitted to Judge Beeler on this issue (Dkt. 1191)

Judge Beeler has also ordered USEI to produce its consultant, Bruce Sanders, for deposition (Dkt. 1130). His deposition will be taken on August 26, 2014 in Atlanta, Georgia per agreement of the parties.

### III. Related Cases

**A.  There were three related cases that have been resolved:**

1. 3COM Corporation v. D-Link Systems, Inc., U.S. District Court, Northern District of California, Case No. 3:03-cv-02177-VRW;

2. U.S. Ethernet Innovations, LLC v. Ricoh Americas Corporation, U.S. District Court, Eastern District of Texas, Case No. 6:12cv235; and

3. U.S. Ethernet Innovations, LLC v. STMicroelectronics N.V. et al., U.S. District Court, Eastern District of Texas, Case No. 6:12cv481.

**B.  There are five related cases that are currently pending in this District:**

4. U.S. Ethernet Innovations, LLC v. Acer, Inc., et al., U.S. District Court, Northern District of California, Case No. 4:10-cv-03724-CW(LB);

5. Zions Bancorporation v. U.S. Ethernet Innovations LLC, U.S. District Court, Northern District of California, Case No. 4:10-cv-03481-CW(LB);

6. Apple Inc. v. Oracle America Inc., U.S. District Court, Northern District of California, Case No. 4:13-cv-05883-CW(LB); and

7. U.S. Ethernet Innovations, LLC v. AT&T Mobility, LLC, et al., U.S. District Court, Northern District of California, Case No. 4:10-cv-05254-CW(LB);

8. ASUSTeK Computer Inc. and ASUS Computer Int'l v. Silicon Integrated Systems Corp., U.S. District Court, Northern District of California, Case No. 4:13-cv-05882-CW.

**C.  There are two related cases still pending in the Eastern District of Texas:**

9. U.S. Ethernet Innovations, LLC v. Lenovo (United States) Inc., U.S. District Court, Eastern District of Texas, Case No. 6:13cv612; and

10. U.S. Ethernet Innovations, LLC v. Texas Instruments Incorporated, U.S. District Court, Eastern District of Texas, Case No. 6:11cv491.

## IV.  Scheduling

The Court has established the following deadlines:

| | |
|---|---|
| Deadline for Defendants and Intervenors to file their joint reply in support of their dispositive motion, contained in a single brief of fifteen pages or less. | Thursday, August 7, 2014 |
| Case Management Statement due | Thursday, August 7, 2014 |
| Hearing on dispositive motions and further case management conference | Thursday, August 14, 2014 at 2:00 p.m. |
| Final pretrial conference | Wednesday, December 17, 2014, at 2:00 p.m. |
| Jury trial to begin | Monday, January 5, 2015, at 8:30 a.m. |

## V.  Trial

Each Intervenor requests a separate jury trial on issues triable by jury as of right.

DATED:  August 7, 2014            WEIL, GOTSHAL & MANGES LLP

By:  */s/ Garland T. Stephens*
       Garland T. Stephens, garland.stephens@weil.com
Counsel for Intervenor INTEL CORPORATION

QUINN EMANUEL URQUHART & SULLIVAN LLP

By: */s/ Ray R. Zado*
       Ray R. Zado, rayzado@quinnemanuel.com
Counsel for Intervenor Marvell Semiconductor, Inc.

REED SMITH LLP

By: */s/ Jonah D. Mitchell*
       Jonah D. Mitchell, jmitchell@reedsmith.com
Counsel for Intervenor Atheros Communications, Inc.

TECKNOWLEDGE LAW GROUP LLP

By: */s/ Fatima Alloo*
       Fatima Alloo, falloo@techknowledgelaw.com
Counsel for Acer, Inc., Acer America Corporation, and Gateway, Inc.

DEFENDANTS' AND INTERVENORS' CASE MANAGEMENT STATEMENT                    - 6 -
Case Nos. 4:10-cv-03724-C W(LB); 4:10-cv-05254 CW (LB)

WILLIAMS MORGAN, PC

By: /s/ Danny Williams
    Danny Williams, danny@wmalaw.com
Counsel for Apple Inc.

COOLEY LLP

By: /s/ Lam Nguyen
    Lam Nguyen, lnguyen@cooley.com
Counsel for ASUS Computer International and ASUSTeK Computer Inc.

WINSTON & STRAWN
FARELLA BRAUN & MARTEL LLP

By: /s/ Kathleen B. Barry
    Kathleen B. Barry, kbarry@winston.com
Counsel for Dell Inc.

MORRISON & FOERSTER

By: /s/ Daniel C. Hubin
    Daniel C. Hubin, dhubin@mofo.com
Counsel for Fujitsu Limited and Fujitsu America, Inc.

K&L GATES LLP

By: /s/ Roderick B. Williams
    Roderick B. Williams, rick.williams@klgates.com
Counsel for Hewlett Packard Co.

FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP

By: /s/ Michael V. Young, Sr.
    Michael V. Young, Sr., michael.young@finnegan.com
Counsel for Sony Corp., Sony Corp. of America and Sony Electronics Inc.

KNOBBE MARTINS OLSON & BEAR LLP

By: /s/ Brian Claassen
    Brian Claassen, brian.claassen@kmob.com
Counsel for Toshiba Corp., Toshiba America, Inc. and Toshiba America Information Systems, Inc.

**AT&T DEFENDANTS:**

PILLSBURY WINTHROP SHAW PITTMAN LLP

1
2
3
                    By:*/s/ David A. Jakopin*
                        David A. Jakopin, david.jakopin@pillsburylaw.com
                      Counsel for Intervenor Sigma Designs, Inc.

4 **DECLARATION OF CONSENT**

5    Pursuant to General Order No. 45, Section X(B) regarding signatures, I attest under

6 penalty of perjury that concurrence in the filing of this document has been obtained from the

7 parties hereto.

8 DATED:  August 7, 2014        WEIL, GOTSHAL & MANGES LLP

9                               By:  */s/ Justin L. Constant*
10                                   Justin L. Constant, justin.constant@weil.com

11                               Counsel for Intervenor INTEL CORPORATION

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28