IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. ETHERNET INNOVATIONS, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>ACER, INC., et al.,<br><br>    Defendants,<br><br>  and<br><br>ATHEROS COMMUNICATIONS, INC., et al.,<br><br>    Intervenors.<br>_____/ | No. C 10-3724 CW<br><br>ORDER DENYING MOTION TO ALTER OR AMEND SUMMARY JUDGMENT ORDER<br><br>(Docket No. 1344) |
| U.S. ETHERNET INNOVATIONS, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>AT&T MOBILITY, LLC, et al.,<br><br>    Defendants.<br>_____/ | No. C 10-5254 CW<br><br>ORDER DENYING MOTION TO ALTER OR AMEND SUMMARY JUDGMENT ORDER<br><br>(Docket No. 591) |

    Plaintiff U.S. Ethernet Innovations, LLC (USEI) moves to alter or amend the Court's November 7, 2014 Summary Judgment Order.  (Case No. 10-3724, Docket No. 1344; Case No. 10-5254, Docket No. 591).  It argues that (1) Defendants and Intervenors are collaterally estopped from litigating the validity of the asserted claims of the '872 and '094 patents and (2) the Court committed clear error when it found in favor of Defendants and Intervenors with regard to the non-infringement of claims 1 and 13

of the '313 patent.  Defendants and Intervenors oppose the motion.  For the reasons stated below, the Court DENIES the motion.

BACKGROUND

The facts in this case are summarized in the Court's November 7, 2014 Order on Summary Judgment Motions.  The following facts are those that are relevant to this motion.

3Com Corporation, USEI's predecessor-in-interest, developed ethernet technology in the 1980s and 1990s.  In the early 1990s, 3Com obtained the four patents-in-suit: U.S. Patent Nos. 5,434,872 (the '872 patent) (Apparatus for automatic initiation of data transmission), 5,732,094 (the '094 patent) (Method for automatic initiation of data transmission), 5,307,459 (the '459 patent) (Network adapter with host indication optimization), and 5,299,313 (the '313 patent) (Network interface with host independent buffer management).

On October 9, 2009, USEI filed suit in the Eastern District of Texas against sixteen computer maker defendants,[1] alleging that they were manufacturing and selling desktop and laptop computers which incorporated chips supplied by others that practice certain ethernet technology, thereby infringing the four patents-in-suit.  That case was subsequently transferred to this district and given

---

[1] Acer, Inc., Acer America Corporation, Apple, Inc., ASUS Computer International, Asustek Computer, Inc., AT&T Services, Inc., Dell, Inc., Fujitsu Ltd., Fujitsu America, Inc., Gateway, Inc., Hewlett Packard Co., Sony Corporation, Sony Corporation of America, Sony Electronics, Inc., Toshiba Corporation, Toshiba America, Inc., and Toshiba America Information Systems, Inc.

Case No. 10-3724.  On March 10, 2010, USEI filed a separate suit in the Eastern District of Texas against retailer Defendants,[2] alleging infringement of the same four patents-in-suit.  That case was also transferred to this district, and given Case No. 10-5254.

In 2011, USEI filed suit against Texas Instruments Incorporated (TI) in the Eastern District of Texas.  Two jury trials were held in that case.  On April 11, 2014, the first jury returned a verdict that the asserted claims of the '872 and the '094 patents were not invalid as anticipated by the SONIC prior art.  On June 20, 2014, the second jury found that TI infringed the asserted claims of the '872 patent and awarded damages to USEI.  On September 19, 2014, judgment was entered in the TI case, "with the exception of the parties' post-verdict briefing."  Pl.'s Mot. to Alter or Amend, Docket No. 1344, Ex. E.

On November 7, 2014, this Court found on summary judgment in the above-entitled cases that: (1) the asserted claims of the '872 and '094 patents were invalid in view of the SONIC prior art reference and (2) claims 1 and 13 of the '313 patent were not infringed by any of the accused products.

On November 13, 2014, the Texas court ordered the parties to brief whether USEI was collaterally estopped from arguing that the asserted claims of the '872 and '094 patents were valid in the

---

[2] AT&T, Inc., Barnes & Noble, Inc., Claire's Stores, Inc., J.C. Penney Company, Inc., Sally Beauty Holdings, Inc., and Home Depot U.S.A., Inc.

light of this Court's November 7, 2014 Order on Summary Judgment Motions. Briefing in the Texas court on the applicability of collateral estoppel ended on December 19, 2014. In the meantime, this Court entered final judgment against USEI on December 1, 2014.

USEI filed the present motion in this Court on December 29, 2014. Briefing on this motion ended on February 2, 2015. On February 19, 2015, the Eastern District of Texas ruled that, in the light of this Court's November 7, 2014 order invalidating the asserted claims of the '872 and '094 patents, USEI was collaterally estopped from litigating the validity of the '872 and '094 patents and from recovering infringement damages in the Texas litigation. See Docket No. 1370. Final judgment in that case was entered on February 24, 2015.

## LEGAL STANDARD

"'Rule 59(e) amendments are appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.'" In re Syncor ERISA Litig., 516 F.3d 1095, 1100 (9th Cir. 2008)(citing Dixon v. Wallowa County, 336 F.3d 1013, 1022 (9th Cir. 2003)). Motions for reconsideration are not a substitute for appeal or a means of attacking some perceived error of the court. See Twentieth Century-Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1980).

4

DISCUSSION

I.   Collateral Estoppel

USEI contends that Defendants and Intervenors should be collaterally estopped from litigating the validity of the '872 and '094 patents in this Court.

USEI's motion to alter or amend the judgment based on collateral estoppel is moot. On February 19, 2015, following the completion of briefing on this issue in this Court, the Eastern District of Texas ruled on this question. It held that USEI is collaterally estopped from litigating the validity of the asserted claims of the '872 and '094 patents, and receiving damages, in the light of this Court's December 1, 2014 judgment. See Docket No. 1370. This Court need not decide if collateral estoppel applies to Defendants and Intervenors in this case because the Eastern District of Texas has already decided that collateral estoppel applies to USEI. Accordingly, the Court denies USEI's motion to alter or amend its judgment with regard to the validity of the asserted claims of the '872 and '094 patents.

II.  Non-infringement of the '313 Patent

USEI claims that the Court committed clear error when it found in favor of Defendants and Intervenors with regard to certain infringement claims.

The Ninth Circuit has not articulated a standard as to what constitutes "clear error" in connection with a Rule 59(e) motion for reconsideration. It has, however, defined "clear error" in

5

other contexts, which can provide guidance.  For example, the Ninth Circuit stated that it would only find a trial court's factual finding "'clearly erroneous' when, although there is evidence to support it . . . on the entire evidence [it] is left with the definite and firm conviction that a mistake has been committed."  United States v. Ruiz-Gaxiola, 623 F.3d 684, 693 (9th Cir. 2010).  Thus, the Court will find "clear error" in connection with a Rule 59(e) motion only when it has the "definite and firm conviction" that a mistake has been committed.  See also Joe Hand Promotions, Inc. v. Mujadidi, 2012 WL 4901429, at *1 (N.D. Cal.) ("[C]lear error should conform to a very exacting standard" by which "a final judgment must be 'dead wrong' to constitute clear error"); J & J Sports Prods., Inc. v. Juanillo, 2011 WL 335342, at *1 (N.D. Cal.) ("If a court 'got the law right' and 'did not clearly err in its factual determinations,' then clear error was not committed —- even if another reasonable judicial body 'would have arrived at a different result'"); Mitchell v. Asuncion, 2013 WL 2016136, at *1 (N.D. Cal.)("A district court does not commit clear error warranting reconsideration when the question before it is a debatable one").  The Court now turns to each of USEI's clear error contentions.

    A.   Non-infringement of claim 13 of the '313 patent based on the "host interface means" element

USEI argues,

> In this Court's recent summary judgment order, the Court granted summary judgment for Defendants based on the Court's finding that USEI's infringement expert failed to identify

6

> required structures for the host interface means element of claim 13 of the '313 Patent.  A necessary premise of the Court's order is the prior construction of claim 13 to require certain structures that perform the recited functions of the element.  USEI respectfully requests that the Court alter its summary judgment ruling because this Court has never construed the host interface means element of claim 13 to require particular structures.  By basing its summary judgment ruling on the erroneous position that the required structures of this claim element had been construed, the Court's judgment for Defendants on this issue is itself clearly erroneous and should be altered in favor of USEI.

Pl.'s Mot. to Alter or Amend, Docket No. 1344-3 at 13.  USEI, however, misstates the basis for this Court's summary judgment ruling.  Contrary to USEI's argument, the Court did not base its conclusion on "the . . . position that the required structures of [claim 13 of the '313 patent] had been construed."

In its November 7, 2014 Order, the Court stated that finding literal infringement of a means plus function claim limitation governed by 35 U.S.C. § 112 ¶ 6 requires that the accused device perform the identical function recited in the claim, and be identical or equivalent to the corresponding structure in the specification.  In the prior claim construction order, the Court identified three functions for the "host interface means" element in claim 13 of the '313 patent.  See Second Claim Construction, Docket No. 634 at 16.  The Court identified separate structures corresponding to each of the identified functions but found that "there [is] no single structure that is capable of performing all three functions" and noted that the "lack of corresponding structure renders Claim 13 of the '313 patent arguably invalid."  Id. at 17.

7

To prevail on a summary judgment motion, USEI bore the burden to identify structures in the accused devices that performed each of the functions identified in this means plus function element. USEI failed to do so. While USEI contended that the reports of Dr. Mitzenmacher, its infringement expert, "identify structures in the accused products that perform the functions recited by the Court" for this element, the Court found that "the record does not support USEI's contention." November 7, 2014 Order at 21. In its motion to alter or amend, USEI again states that Dr. Mitzenmacher "correctly used his knowledge and skill to identify structures that perform the recited functions of the host interface means of claim 13 in his infringement reports." Docket No. 1344 at 14. However, USEI again fails to show that Dr. Mitzenmacher specifically identified these structures.

In its summary judgment order, the Court did not find it necessary even to reach the question of whether the structure of the accused device was identical or equivalent to any corresponding structure in the patent specification, nor the question of whether a lack of any such structure in the specification rendered the means plus function claim at issue invalid, as the claim construction order had posited.

Accordingly, USEI's argument that the Court committed clear error on this issue is unpersuasive. USEI's motion to alter or amend the Court's November 7, 2014 Summary Judgment Order on the

8

basis of clear error regarding non-infringement of claim 13 of the '313 patent based on the "host interface means" element is DENIED.

B. Non-infringement of claims 1 and 13 of the '313 patent based on the "network interface means" element

USEI argues,

> The Court also committed clear error in granting summary judgment of non-infringement of claims 1 and 13 of the '313 Patent based on an erroneous reading of the claim construction for the network interface means element of both claims. In construing claims 1 and 13, the Court described the required structure for the network interface means element as follows: "In Figure 3, Network interface logic 104, and its equivalents." Defendants argued during summary judgment that this element required additional structures, "transmit DMA logic, (generally 109) and receive DMA logic (generally 110)," because these DMA logic structures are described in the preferred embodiment of the patent as being included as sub-components of the network interface logic 104. Because these DMA sub-structures were never required by the Court's construction, the Court clearly erred both in agreeing with Defendants' interpretation and subsequently granting summary judgment for Defendants on this issue.

Docket No. 1344-3 at 15.

In its second claim construction order, the Court described the corresponding structures for the "network interface means" element of claim 1 and 13 of the '313 patent:

> The written description of the '313 Patent discloses that the "network interface logic 104" shown in Fig. 3 "manages transfers of data from buffers in the independent memory 103 and the network transceiver 105." ('313 Patent, Col. 9:55-59.) The written description further states: The network interface logic 104 includes transmit DMA logic, (generally 109) and receive DMA logic (generally 110). The transmit DMA logic 109 is responsive to descriptors stored in the adapter memory 103, as described below, for moving data out of the independent adapter memory 103 to the network transceiver 105. Similarly, the receive DMA logic 110 is responsible for moving data from the transceiver 105 into the independent adapter memory 103.

Docket No. 634 at 17. Accordingly, for an accused device to infringe the "network interface means" of claims 1 and 13 of the

9

'313 patent, it must include "network interface logic 104," which, in turn, includes "transmit DMA logic" and "receive DMA logic." Therefore, USEI's contention that the Court's Second Claim Construction Order did not require structures that included DMA logic is incorrect.

USEI also argues that its infringement expert, Dr. Mitzenmacher, "properly identified the minimum structure that would perform network interface logic 104" as it believes it was construed by the Court. Given the discussion above, this argument is irrelevant because USEI does not claim that Dr. Mitzenmacher identified structures that performed the DMA logic.

Thus, USEI has failed to show that the Court committed clear error when it granted summary judgment on this ground in favor of Defendants and Intervenors. Accordingly, USEI's motion to alter or amend the Court's November 7, 2014 summary judgment order based on the "network interface means" element in claims 1 and 13 of the '313 patent is DENIED.

CONCLUSION

For the reasons stated above, USEI's motion to alter or amend the Court's November 7, 2014 Summary Judgment Order (Case No. 10-3724, Docket No. 1344; Case No. 10-5254, Docket No. 591) is DENIED.

IT IS SO ORDERED.

Dated: March 30, 2015

CLAUDIA WILKEN
United States District Judge

10